**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

**In Re DMCA Subpoena to Digital Ocean, Inc.**

                                                                  **Case No. 7:18-mc-00181-KMK**

                                                                    **Honorable Kenneth M. Karas**

_____X


**PLAINTIFF WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CONTEMPT**
**AGAINST DIGITAL OCEAN**

## PRELIMINARY STATEMENT

Over 130 days after being served with a properly-issued subpoena from this Court, Digital Ocean, Inc. (hereinafter "Digital Ocean") demonstrates its disregard of the judicial process and its statutory obligations as a service provider subject to the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. §512).  Thus, Digital Ocean continues to thwart Watch Tower's attempts to defend its intellectual property against infringement.  Accordingly, the Court should hold Digital Ocean in contempt pursuant to 17 U.S.C. § 512(h)(6) and Federal Rule of Civil Procedure 45(g), and order that Digital Ocean immediately comply with the document subpoena issued by this Court.  Further, the Court should order that if Digital Ocean fails to fully comply with the subpoena by a deadline set by the Court, it must pay a fine in an amount to be set by the Court for each day that it fails to comply with this Court's order.

## STATEMENT OF FACTS

### A.     Factual Background

Watch Tower became aware that its artwork was being unlawfully displayed on a website – www.extj.co – that is hosted on Digital Ocean's server.  *See* Affirmation of Paul D. Polidoro (the "Polidoro Aff.") at ¶ 2.  The infringing material was displayed on the site in connection with a post by a pseudonymous user – "Reactivo".  *Id.* at ¶ 2.  On March 30, 2018, Watch Tower sent a notice of copyright infringement to Digital Ocean about the illegal display of Watch Tower's artwork pursuant to 17 U.S.C.§ 512 (c)(3)(A).  *See* Polidoro Aff. at ¶ 3.

### B.     Watch Tower's Subpoena to Digital Ocean

On May 1, 2018, Watch Tower applied to this court for a subpoena seeking identifying information for the Digital Ocean subscriber responsible for the infringing artwork on the extj.co website.  *Id.* at ¶ 2.  Having confirmed that Watch Tower is entitled to discover the true identity

of the infringer, this Court granted Watch Tower's request for a subpoena pursuant to §512(h) of the DMCA (hereinafter the "DMCA Subpoena") on May 2, 2018.  *See* Polidoro Aff. at ¶ 3.  The DMCA Subpoena was served on Digital Ocean at its offices in New York, NY on May 11, 2018. *Id.* at ¶ 4.  The DMCA Subpoena demanded identifying information for the infringing website and the pseudonymous infringer, "Reactivo" by May 23, 2018.  *Id.*

**C. Digital Ocean's Complete Disregard of the DMCA Subpoena for Four Months**

In the four months that followed service, Digital Ocean never complied with the subpoena.  *Id.* at ¶ 4.  Digital Ocean never filed an objection to the subpoena.  *Id.*  On June 8, 2018, Watch Tower wrote to Digital Ocean's General Counsel, Alan Shapiro, regarding Digital Ocean's failure to respond to the subpoena.  *Id.* at ¶ 5.  Watch Tower requested a Meet and Confer in an effort to avoid seeking court intervention.  *Id.*  Neither Digital Ocean nor its counsel responded to Watch Tower's letter.  *Id.*

On September 6, 2018, Watch Tower filed a letter motion requesting a pre-motion conference in connection with an anticipated Motion for Contempt.  *Id.* at ¶ 6.  This Court ordered Digital Ocean to respond by September 14, 2018.  *Id.*  However, Digital Ocean failed to file any response.  *Id.*  Thus, on September 17, 2018, this Court granted leave for Watch Tower to file its Motion for Contempt by October 1, 2018.  *Id.*

On Thursday, September 20, 2018 – six days after the deadline ordered by this Court to respond to the letter motion – Watch Tower finally received a communication from Digital Ocean regarding the 132-day-old DMCA Subpoena.   *Id.* at ¶ 7.  The letter stated "Digital Ocean is willing to provide information in its possession that is responsive to the subpoena, *provided that the customer at issue does not object.*"  Polidoro Aff., Exhibit F (emphasis added).

On Thursday, September 27, 2018 at 10:10 p.m., Digital Ocean, by way of its counsel

Brian Willen of Wilson, Sonsini Goodrich & Rosati, produced a two-page document containing its customer's name, email address, and user id number.  *Id.* at ¶ 8.  Notably, Digital Ocean did not produce: 1) a physical address, 2) telephone number, or 3) Internet Protocol addresses for its customer or the infringing URL.  *Id.*

Upon receipt of the production, Watch Tower wrote to Mr. Willen requesting that Digital Ocean certify that the other information demanded in the subpoena was not in Digital Ocean's possession.  *Id.* Watch Tower agreed to withdraw its motion upon receipt of said certification. *Id.*  However, Watch Tower has yet to receive any such certification.  *Id.*

It has now been 143 days since Watch Tower served a properly-issued DMCA Subpoena on Digital Ocean.  Digital Ocean provides no clear explanation for why it took over four months to respond to the DMCA Subpoena or why it never responded to this Court's subsequent Order. Digital Ocean waited until the very last minute to finally produce *half* of the subpoenaed information.  And now, with the Court-ordered deadline upon us, Digital Ocean has yet to certify that it does not possess the remaining information.  Digital Ocean's complete disregard of this Court's orders, and its unwarranted delay in fulfilling its obligations under 17 U.S.C § 512 force Watch Tower to seek the Court's intervention in this matter.

## ARGUMENT
## DIGITAL OCEAN SHOULD BE HELD IN CONTEMPT AND ORDERED TO COMPLY WITH THE DMCA SUBPOENA

This Court can and should hold Digital Ocean in contempt for its failure to fully comply with the properly-issued DMCA Subpoena served by Watch Tower.  First, upon receipt of a DMCA Subpoena, 17 U.S.C. § 512(h)(5) directs that service providers "*expeditiously disclose* to the copyright owner . . . the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the [infringement] notification."  (emphasis added).  17 U.S.C. § 512(h)(6) provides that "the remedies for

noncompliance with the [DMCA] subpoena, [ ] be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum."  Federal Rule of Civil Procedure 45(c)(2)(A) states, "A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Digital Ocean is located at 101 Avenue of the Americas, New York, NY 10013.  *See* Polidoro Aff. at ¶ 4.  The DMCA Subpoena served on Digital Ocean commanded compliance less than 100 miles away at 100 Watchtower Drive, Patterson, NY 12563.  Consequently, Digital Ocean was under obligation to comply with the DMCA Subpoena.

If Digital Ocean found something defective or deficient about the subpoena, it could have objected.  Indeed, Federal Rule of Civil Procedure 45(d)(3)(A) provides,

> On timely motion, the court . . . must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Yet, despite acknowledging that it received the DMCA Subpoena, Digital Ocean neither objected to the subpoena, nor invoked Rule 45(d)(3)(A).

In circumstances such as these, the Court is well within its right to hold Digital Ocean in contempt.  Federal Rule of Civil Procedure 45(g) states,

> **Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

 "The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena."  *PaineWebber Inc.* v. *Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y.

2002)(holding non-parties that neither objected to subpoena nor complied in civil contempt)[1] *citing Diamond* v. *Simon*, No. 89 Civ. 7061 (PKL), 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994); *see Forum Ins. Co.* v. *Keller*, No. 91 Civ. 4528 (JFK), 1992 WL 297580, *3 (S.D.N.Y. Oct. 8, 1992)(holding nonparty in contempt and assessing sanctions of $1000.00 for failure to comply with document subpoena).

Despite having received a properly-issued subpoena in addition to a request to meet and confer with Watch Tower's counsel regarding the subpoena, neither Digital Ocean nor its counsel contacted Watch Tower to discuss compliance with the subpoena until 132 days after receiving the subpoena.

Digital Ocean acknowledges that it received Watch Tower's letter motion delivered on September 7, 2018, but then waited 10 days to respond to that letter and completely ignored this Court's order to respond to that letter by September 14, 2018.  What is more, in its woefully-delayed response to Watch Tower's repeated correspondences, Digital Ocean conditioned compliance with the subpoena on its customer's acquiescence – completely ignoring the fact that it was obligated by federal law to comply with the subpoena.

Finally, on the eve of Watch Tower's deadline to file its Motion for Contempt, Digital Ocean produced half of the subpoenaed information without certifying that it does not possess the remaining information.  Thus, Digital Ocean failed to comply with the subpoena.  Digital Ocean's half-baked response to Watch Tower's subpoena, and its failure to comply with this Court's order that it respond to Watch Tower's letter motion, "demonstrate[] disregard for the judicial process." *PaineWebber Inc.*, 211 F.R.D. at 249.

---

[1] Fed. R. Civ. P. 45(e) was amended in 2013.  Prior to the amendment, Rule 45(e) stated, "**Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)."

Digital Ocean's complete disregard of the judicial process raises the concern that the remaining evidence sought by Watch Tower has been, or will soon be permanently lost.  Indeed, neither Digital Ocean's September 17th letter, nor its counsel, Mr. Willen, has reassured Watch Tower that Digital Ocean preserved the other information demanded in the subpoena.  Service providers typically retain user activity logs containing the information needed to identify an infringer for a limited period of time.  *See* Polidoro Aff. at ¶ 8.  Once that user data is deleted, there is no other means of linking the infringing activity with the person responsible for the infringement.  *Id.*  In *Digital Sin* v. *Does 1-176*, the court highlighted this concern stating, "expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs."  279 F.R.D. 239, 242 (S.D.N.Y. 2012)(granting *ex parte* motion to take expedited discovery from third-party Internet Service Provider to identify an alleged infringer of a copyrighted motion picture).

Digital Ocean's blatant disregard of this Court's authority and the judicial process warrants an order of contempt and a requirement to produce the remaining information demanded in the subpoena immediately or by a deadline to be set by the court.  If Digital Ocean again fails to comply with the subpoena, the Court should order that Digital Ocean pay a fine in an amount to be set by the Court for each day that it fails to comply with this Court's order.

**WHEREFORE**, plaintiff Watch Tower requests that the Court issue an Order:

(1) holding Digital Ocean in contempt of court for its failure to comply with the DMCA Subpoena issued May 2, 2018;

(2) directing Digital Ocean to produce the remaining information sought by the DMCA Subpoena immediately, or at such later time as the Court may direct;

(3) sanctioning Digital Ocean in an amount to be set by the Court for each day after the

compliance deadline to be set by this Court that it fails to comply with this Court's order; and

(4) for such other and further relief as this Court may deem just and proper.

Dated: October 1, 2018
Patterson, New York                          Respectfully submitted,

                                             WATCH TOWER BIBLE AND TRACT
                                             SOCIETY OF PENNSYLVANIA
                                             Legal Department
                                             100 Watchtower Drive
                                             Patterson, NY 12563
                                             Telephone: 845-306-1000
                                             Facsimile: 845-306-0709

                                             /s/ Paul D. Polidoro
                                             Paul D. Polidoro
                                             Associate General Counsel
                                             SDNY Bar No. PP2509
                                             Philip Brumley
                                             General Counsel
                                             SDNY Bar No. PB5163

                                             *Attorneys for Plaintiff*